**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLIE W. PYLE,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>MATTHEW MARTEL; et al.,<br><br>　　　　Defendants - Appellees. | No. 12-56442<br><br>D.C. No. 5:11-cv-01342-PSG-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 18, 2013[**]

Before:　　TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

California state prisoner Charlie W. Pyle appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to

his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal for failure to exhaust administrative remedies and for clear error any underlying factual findings. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Pyle's action without prejudice because Pyle failed properly to exhaust his administrative remedies before filing suit and failed to demonstrate that administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010) (concluding that administrative remedies are "available" where administrative appeals are properly screened and that an inmate who failed to follow specific instructions on how to appeal had no reasonable good faith belief that administrative remedies were effectively unavailable).

Pyle's other arguments were raised for the first time on appeal and we do not consider them. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Pyle's request for judicial notice is denied.

_____**AFFIRMED.**